AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts | |
|---|---|---|
| Name (under which you were convicted):<br>**Eddie Mack** | | Docket or Case No.: |
| Place of Confinement :<br>MCI-Norfolk Prison,P.O.BOX 43<br>Norfolk,Mass 02056 | Prisoner No.:<br>W108588 | |
| Petitioner (include the name under which you were convicted)<br>**EDDIE MACK**      Vs. | Respondent (authorized person having custody of petitioner)<br>Supt.NELSON ALVES | |
| The Attorney General of the State of: **Massachusetts .** | | |

### PETITION

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2021 SEP 17 PM 12: 43

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **Barnstable CountySuperior Court**

   **3195 Main Street,P.O.BOX 425**

   **Barnstable ,Mass 02630**

   (b) Criminal docket or case number (if you know):   <u>1372CR0004-oo1-oo5.</u>

2. (a) Date of the judgment of conviction (if you know): <u>September 26,2016</u>

   (b) Date of sentencing: <u>September 26,2016</u>

3. Length of sentence: <u>Natural Life Without Parole</u>

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: <u>First Degree Murder</u>

   <u>Sentenced to natural life without parole; Home Invasion 25-yrs</u>

   <u>concurrent with natural life sentence;Armed Assault Dwelling</u>

   <u>25-yrs concurrent with natural life sentence;Firearm without</u>

   <u>license 4-yrs-to-5-yrs concurrent with natural life sentence;</u>

   <u>Armed Robbery dismissed contingent on murder conviction being</u>

   <u>upheld.</u>

6. (a) What was your plea? (Check one)

   ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty             ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? <u>Plead not guilty to all charge</u>
<u>(s) and indictments.</u>

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: <u>Massachusetts State Supreme Judicial Court</u>

(b) Docket or case number (if you know): <u>SJC-12319</u>

(c) Result: <u>All convictions affirmed</u>

(d) Date of result (if you know): <u>May 16,2019</u>

(e) Citation to the case (if you know): <u>Commonwealth Vs.Mack,482 Mass.311(2019)</u>

(f) Grounds raised: Publicity surrounding case deprived right to fair trial
and impartial jury;A single phone call does not constitute
sufficient probable cause to issue a search warrant;Def.has a
reasonable expectation of privacy in written words sent by text
messaging;The content of both cellphones were inadmissible since
Mack was deprived of consatitutional right to effective
assistance of counsel; The evidence failed to establish Mack
participated in the murder and related offenses against his
friend;Prosecutor's closing argument overstepped bounds of
appropriate advocacy;Moffet Claims I-to-XI,were considered.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: THE PUBLICITY SURROUNDING THIS CASE DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL JURY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Defendant's right to an impartial jury was violated contrary to his Constitutional Rights. The record reflects extraneous influence on the jury by the media coverage of the case which started in the months leading up to the trial, empanelment, and during trial. Seven jurors were impaneled without any inquiry about their possible bias as result of media exposure, of which , five were part of deliberating jurors in this case.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One:

**GROUND TWO:** A SINGLE PHONE CALL MADE TO THOMAS HOURS BEFORE THE SHOOTING
DOES NOT CONSTITUTE SUFFICIENT CAUSE TO ISSUE A SEARCH WARRANT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Commonwealth claims without any evidence to support its
proposition other than one telephone call hours earlier between
Thomas and Mack, that there was sufficient probable cause to
establish a nexus between Defendant's cellphone and the crime.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                         ☐  Yes    ☑  No

(4) Did you appeal from the denial of your motion or petition?              ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**  DEFENDANT HAS A REASONABLE EXPECTATION OF PRIVACY IN
HIS WRITTEN WORDS SENT BY TEXT MESSAGING.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
      Contrary to the Commonwealth's assertion without text messages
there was no evidence tying Mack to the shooting beyond his mere
presence. There was no gunshot residue on Mack shortly after the
shooting. A backpack was discovered containing only DNA evidence
against Webster. The warrant for phone in this case lacked
sufficient probable cause and any evidence recovered was
inadmissible.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** THE CONTENT OF BOTH MACK'S AND EVANS CELLPHONE WERE
   INADMISSIBLE SINCE MACK WAS DEPRIVED OF CONSTITUTIONAL RIGHT TO
   EFFECTIVE ASSISTANCE OF COUNSEL.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   A.)Trial counsel failed to file and pursue a motion to suppress
   the content of both cellphone based on unconstitutionally
   deficient search warrant; B.)Mack has standing to challenge
   the constitutionality of the search warrant;C.)The search
   warrant affidavit failed to establish sufficient nexus;
   D.)The subsequent search warrant obtained for cellphone
   number 9679 should have been suppressed as the fruit of a
   poisonous tree.

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

_____

GROUND FIVE: THE REMAINING EVIDENCE FAILED TO ESTABLISH THAT
            MACK PARTICIPATED IN THE MURDER AND RELATED OFFENSES
            AGAINST HIS FRIENDS
    The evidence fails to support the prosecutor's theory that
Mack participated in the crimes since Mack had a legitimate
reason to be present at his friend house. All evidence that
the prosecution points to in order to support its position about
Mack's guilt adds up to Mack's mere presence at the scene which
he never contested.  Mack was a close friend of the deceased and
was present while his friend was attacked.No gunshot residue
or DNA evidence linked Mack to the guns or other evidence.
    While they did find a piece of duct tape at the scene with
Mack's fingerprint, it could be perceived that Mack tryed to
help his friend and remove the duck tape,or Mack removed the
duck tape off himself and escaped while shots were being fired
and then Mack fled with fear where he later was discovered lying
inside an air conditioner unit in an alleyway for his safety.


GROUND SIX: THE PROSECUTOR"S CLOSING ARGUMENT OVERSTEPPED
            BOUNDS OF APPROPRIATE ADVOCACY.
    The prosecutor needed the jury to believe that the contact
information for 9676 in Mack's phone belonged to Evans. There
was no other evidence making such connection,thus the prosecutor
told the jury that Webster knew Evan's nickname to be "Trigger"
which indeed was not true and that "TR" stood for "Trigger"
which was not in evidence. The prosecutor offered his own
testimony as evidence in this case.


GROUND SEVEN: MOFFET BRIEF CLAIMS WERE REVIEWED BY THE STATE
              HIGHEST COURT(SJC)IS AS FOLLOW:
A.) Trial counsel was ineffective for failing to file a motion
to sever under Bruton; B.)Trial counsel failed to file proper
motion to suppress evidence; C.)Trial counsel failed to dispute
closing arguments by prosecutor; D.)The trial Judge allowed the
Commonwealth to violate the Estoppel Doctrine; E.)There was
insufficient evidence to find joint venture independent of
the text messages where co-defendant Webster's statement could
not be used against Mack; F.)Trial counsel's failure to
investigate evidence deprived him of a fair trial; G.)Prosecutor
and agents deliberately destroyed evidence in violation of a
Court order;H.)Trial Judge's multiple instructions commanded a
verdict and lowered burden for Commonwealth and denied Mack
Due Process and a fair trial;I.)Mack was denied Confrontation
rights when Commonwealth introduced out of court statement of
David Evans.

AO 241
(Rev. 01/15)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?   ☑ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: _____

_____

_____

_____

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?   ☐ Yes   ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised. _____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Drew J.Segadelli,Esq. Appeared on  1/16/2013
                            Robert L.Jubinville Jr.,Esq.Appeared on
                            11/7/2013, Edward B.Fogarty,Esq.Appeared on
(b) At arraignment and plea: 9/12/2014
                            Drew J.Segadelli,Esq.

(c) At trial:  Edward B.Fogarty,Esq.          Matthew P.Kelley,Esq.
               Fogarty Legal Services         Law Office,72 Route-28
               1380 Main St. Suite#410A       P.O.BOX 665,W.Harwich,
(d) At sentencing: Springfield,Mass 01103,Tel:(413)827-0174        Mass 02671
                   Edward B.Fogarty,Esq. & Matthew P.Kelley,Esq

(e) On appeal: Sharon Dehmand,Esq.
               Law Office
               420 Washington St.,Suite#404,Braintree,Mass 02184
               Tel:(508)648-3013
(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes    ☑ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

     On about May 16,2019,the State Supreme Judicial Court affirmed
the First Degree Murder Conviction and other offenses. Thereafter
,the Appellate Attorney Sharon Dehmand was in the process of
assisting with federal habea before one-year statute of limitat-
-ion expire to file petition. However,on about March 2020,ten
months later,all Massachusetts State Prisons were placed on
lockdown due to the coronavirus outbreak and prisoners were...

AO 241
(Rev. 01/15)

...locked inside housing units with no access to law library
or copy machine and no legal help from anyone. The Governor
issued a"state of emergency". Several prisoners became ill
and placed in medical units with no movement or access to
legal help. All government agencies were closed.

On August 1,2021, the law library became officially open
and a blank petition under 28 U.S.C.§ 2254 was obtained and
received legal assistance from law clerk to prepare and file
the petition.

In accordance to the provisions of 28 U.S.C.§ 2244(d),(1)(B)
the State officials closed the prison law library due to the
coronavirus outbreak since several prisoners died in a non-
-social distance environment and§2244(d)(1)(B),recognize
"if the applicant was prevented from filing by such State action"
then time bar statute of limitation do not apply.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  A.)Due to coronavirus outbreak the one-year staute of limitation for filing petition should be waived;  B.)ORDER an Evidentiary Hearing; C.) GRANT Habea Corpus Petition and ORDER a New Trial; D.)VACATE Conviction and other offenses and set Petitioner Free; and
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    9-7-21        (month, date, year).

Executed (signed) on    9-7-21      (date).

_____
EDDIE MACK#W108588
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____