United States District Court
District of Massachusetts

```
_____
                             )
Eddie Mack,                  )
                             )
          Petitioner,        )
                             )
          v.                 )        Civil Action No.
                             )        21-11532-NMG
Nelson Alves,                )
                             )
          Respondent.        )
_____      )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

     This case arises from the <u>pro</u> <u>se</u> petition of Eddie Mack
("Mack" or "petitioner") for a writ of habeas corpus pursuant to
28 U.S.C. § 2254.  Mack is currently in state custody in
Norfolk, Massachusetts.

I.   **Background**

     After a jury trial in Massachusetts Superior Court for
Barnstable County in January, 2016, Mack was convicted of: (1)
murder in the first degree in violation of M.G.L. c. 269, § 1,
(2) home invasion in violation of M.G.L. c. 265, § 18C, (3)
armed assault in a dwelling in violation of M.G.L. c. 265,
§ 18A, (4) armed robbery in violation of M.G.L. c. 265, § 17,
and (5) carrying a firearm without a license in violation of
M.G.L. c. 269, § 10(a).  The petitioner was sentenced to three

concurrent terms of life in state prison, as well as a
concurrent term for a minimum of four years.  The Supreme
Judicial Court ("SJC") affirmed the convictions in May, 2019.

Mack filed the pending petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 in September, 2021, proffering
multiple grounds for relief.  A few weeks later, respondent
filed a motion to dismiss on the grounds that petitioner's claim
was time-barred because it was not filed within the one-year
statute of limitations under the Antiterrorism and Effective
Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

## II.  **Motion to Dismiss**

### A.   **Legal Standard**

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of
a motion to dismiss, the Court may look only to the facts
alleged in the pleadings, documents attached as exhibits or
incorporated by reference in the complaint and matters of which
judicial notice can be taken. Nollet v. Justices of Trial Court
of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248
F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept
all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.    Section 2254 Habeas Petition**

A person in custody pursuant to the judgment of a state court may file an application for a writ of habeas corpus on grounds that "he is in custody in violation of the Constitution or laws or treaties of the United States". § 2254(a). The AEDPA provides that such a petition must be brought within one year from the date on which the state court judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review". § 2244(d)(1)(A).

The one-year limitation period may, however, be tolled under certain circumstances. In his petition, Mack invokes the statutory tolling provision of § 2244(d)(1)(B), which provides that the relevant period will run only from:

> the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by
> such State action[.]

Petitioner alleges that the restrictions placed upon inmates at
MCI-Norfolk due to the COVID-19 pandemic, such as restricted
access to the prison law library, created such an impediment.

The limitations period may also be tolled on equitable
grounds. Holland v. Florida, 560 U.S. 631, 645 (2010).  The
petitioner bears the burden of establishing that he is entitled
to equitable tolling. Delaney v. Matesanz, 264 F.3d 7, 14 (1st
Cir. 2001).  To meet this burden, petitioner must establish
that: (1) he has pursued his rights diligently and (2) some
extraordinary circumstance prevented his timely filing. Holland,
560 U.S. at 650; see also Holmes v. Spencer, 822 F.3d 609, 611
(1st Cir. 2016).  Application of the equitable tolling doctrine
is justified only in rare occasions. See Riva v. Ficco, 615 F.3d
35, 39 (1st Cir. 2010).

### C. Application

Both parties acknowledge that but for the potential
applicability of tolling the one-year statute of limitations
governing petitioner's claim began to run on August 14, 2019,
when his convictions became final. See § 2244(d)(1)(A);
Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003) (state
conviction final after expiration of ninety-day period to submit
petition for certiorari with United States Supreme Court).

Thus, if tolling did not open Mack's window to file, his pending petition, filed on September 17, 2021, is time-barred.

### 1. Statutory Tolling

Mack clearly falls short of the statutory requirements of § 2244(d)(1)(B).  In the first place, he fails to assert that the purported, state-created impediment that prevented him from filing his petition violated the Constitution or laws of the United States, as required under the provision.  That alone is sufficient to preclude tolling in this context.

Moreover, the petitioner has not demonstrated that the restrictions resulting from the pandemic "prevented" him from filing a timely application for habeas relief. § 2244(d)(1)(B). Although the First Circuit Court of Appeals has declined to set forth

> the full extent to which a due diligence requirement should be read into the warp and woof of section 2244(d)(1)(B)

Wood v. Spencer, 487 F.3d 1, 7 (1st Cir. 2007), Mack fails to link causally the alleged state-created impediment to his delayed filing.  Petitioner provides no explanation, for example, as to why he was unable to file his petition during the ten months after the SJC affirmed his convictions and before the onset of the pandemic restrictions.  Nor does he contend that he made any attempt

to mitigate the effect of the alleged impediment by attempting to work around it.  See id. (declining to find requirements of statutory tolling met where habeas petitioner did not exercise his "power to blunt the effect of any state-created impediment").  The petitioner has therefore failed to show that state action thwarted his timely filing.

### 2. Equitable Tolling

Nor can the doctrine of equitable tolling vindicate Mack's petition.  As explained supra, petitioner has failed to establish that he diligently pursued his rights throughout the pendency of the limitations period.  The only effort that Mack made to advance his habeas petition occurred before the pandemic, when an attorney began helping him prepare the claim. This is insufficient. See Blue v. Medeiros, 913 F.3d 1, 10 (1st Cir. 2019) (petitioner must demonstrate continued diligence throughout statutory period to establish basis for equitable tolling); Donald v. Pruitt, 853 F. App'x 230, 234 (10th Cir. 2021) (same).  Petitioner also fails to explain why he was unable to file his petition during the initial months of the limitations period before the COVID-19 restrictions were imposed or why the resources at his disposal during the pendency of

those restrictions, including postal mail, were insufficient for that purpose.

Having concluded that Mack has failed to satisfy the first requirement of equitable tolling, the Court need not determine whether the restrictions resulting from the COVID-19 pandemic created "extraordinary circumstances" that justify his tardiness.

**ORDER**

For the foregoing reasons, respondent's motion to dismiss (Docket No. 7) is **ALLOWED.**

**So ordered.**

> /s/ Nathaniel M. Gorton
> Nathaniel M. Gorton
> United States District Judge

Dated December 30, 2021