## United States District Court
## District of Massachusetts

| | |
|---|---|
| Eddie Mack, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 21-11532-NMG |
| Nelson Alves, | ) |
| | ) |
| Respondent. | ) |
| | ) |

### MEMORANDUM & ORDER

**GORTON, J.**

On December 30, 2021, this Court dismissed the habeas petition of Eddie Mack ("Mack" or "petitioner"). On February 24, 2021, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for his petition. For the following reasons, this Court will deny such a certificate.

## I.   Background

After a jury trial in Massachusetts Superior Court for Barnstable County in January, 2016, Mack was convicted of: (1) murder in the first degree in violation of M.G.L. c. 269, § 1, (2) home invasion in violation of M.G.L. c. 265, § 18C, (3) armed assault in a dwelling in violation of M.G.L. c. 265, § 18A, (4) armed robbery in violation of M.G.L. c. 265, § 17, and

(5) carrying a firearm without a license in violation of M.G.L. c. 269, § 10(a).  Mack was sentenced to three concurrent terms of life in state prison, as well as a concurrent term for a minimum of four years.  The Supreme Judicial Court ("SJC") affirmed the convictions on May 16, 2019.

In September, 2021, Mack filed a habeas petition pursuant to 28 U.S.C. § 2254 proffering multiple grounds for relief.  A few weeks later, respondent filed a motion to dismiss, asserting that petitioner's claim was time-barred because it was not filed within the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).  In December, 2021, this Court allowed the government's motion.  Mack promptly filed a notice of appeal and moved for a certificate of appealability.  The First Circuit subsequently requested that this Court issue or deny a certificate of appealability.

## II.  <u>Certificate of Appealability</u>

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make a "substantial showing", a petitioner seeking such a certificate

must demonstrate that

> reasonable jurists could debate whether (or, for that
> matter, agree that) the petition should have been
> resolved in a different manner or that the issues
> presented were adequate to deserve encouragement to
> proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the

standard of debatable-among-jurists-of-reason the petitioner

must prove "something more than the absence of frivolity or the

existence of mere good faith." Miller-El v. Cockrell, 537 U.S.

322, 338 (2003).

### B. Application

Both parties acknowledged in their briefing on the original

petition that, but for the potential applicability of tolling,

the one-year statute of limitations governing Mack's claim began

to run on August 14, 2019, when his convictions became final.

See § 2244(d)(1)(A); Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir.

2003) (state conviction final after expiration of ninety-day

period to submit petition for certiorari with United States

Supreme Court).  Thus, if tolling did not extend Mack's window

to file, his pending petition, filed on September 17, 2021, is

time-barred.

In his motion for a certificate of appealability, the

petitioner seeks relief pursuant to § 2254 based upon the

doctrine of equitable tolling.  Mack asserts that the COVID-19

pandemic created extraordinary circumstances that prevented him from timely filing his petition and that this Court failed to fully consider the impact of the pandemic on his ability to submit his petition in its original ruling.

A petitioner bears the burden of establishing that he is entitled to equitable tolling. Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001).  To meet that burden, a petitioner must establish that: (1) he has pursued his rights diligently and (2) some extraordinary circumstance prevented his timely filing. Holland v. Florida, 560 U.S. 631, 650 (2010); see also Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016).

> Put simply, the petitioner must satisfy the court that circumstances beyond his control prevented him from filing his motion within the one-year window....

Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018). Application of the equitable tolling doctrine is justified only in rare occasions. See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).

Mack has failed to establish, or even proffer substantial evidence, that he satisfied the first requirement of that burden.  The only effort that Mack made to advance his habeas petition occurred before the pandemic, when an attorney began helping him prepare the claim.  This is insufficient. See Blue v. Medeiros, 913 F.3d 1, 10 (1st Cir. 2019) (petitioner must

demonstrate continued diligence throughout statutory period to establish basis for equitable tolling); Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) (same).  Mack does not explain why he was unable to file his petition during the initial months of the limitation period before COVID-19 restrictions were imposed, nor why the resources at his disposal during the pendency of such restrictions, including postal mail, were insufficient for that purpose. See Ormsby v. Maine, No. 2:20-CV-00319-NT, 2021 WL 293313, at *3 (D. Me. Jan. 28, 2021), report and recommendation adopted, No. 2:20-CV-00319-NT, 2021 WL 966850 (D. Me. Mar. 15, 2021) (declining to apply equitable tolling to habeas petition despite COVID-19 restrictions imposed upon incarcerated petitioner).  No jurist of reason could disagree with this Court's conclusion that Mack failed to prove that he diligently pursued his rights throughout the pendency of the relevant limitation period.

Undoubtedly, the ongoing pandemic has created unusual circumstances.  Such circumstances do not, however, "automatically warrant equitable tolling for any petitioner who seeks it on that basis." Murchison v. United States, No. 2:13-CR-00193-GZS-1, 2021 WL 1082532, at *2 (D. Me. Mar. 18, 2021), report and recommendation adopted, No. 2:13-CR-00193-GZS, 2021 WL 1583078 (D. Me. Apr. 22, 2021) (quoting United States v. Henry, No. 2:17-cr-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec.

14, 2020)).  Moreover, having concluded that Mack has failed to satisfy the first requirement of equitable tolling, the Court need not determine whether the restrictions resulting from the COVID-19 pandemic created "extraordinary circumstances" that justify the petitioner's untimeliness.

**ORDER**

For the foregoing reasons, with respect to Mack's habeas petition, a certificate of appealability (Docket No. 16) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 2, 2022